NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTIAN RANDOLFO HERRERA-BRAN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  15-73884 <br><br> Agency No. A088-709-275 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:     McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Cristian Randolfo Herrera-Bran, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Herrera-Bran does not contend that the BIA erred in its determination that he waived any challenge to the IJ's finding that his asylum application was untimely, and this issue is waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). We do not address Herrera-Bran's contentions as to the merits of his asylum claim because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, Herrera-Bran's asylum claim fails.

Herrera-Bran does not raise, and therefore waives, any challenge to the agency's conclusion that he failed to establish a cognizable particular social group. *See Lopez-Vasquez*, 706 F.3d at 1079-80. We lack jurisdiction to consider Herrera-Bran's new proposed particular social group or imputed political opinion claim because he failed to raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review

claims not presented to the agency).  Thus, Herrera-Bran's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Herrera-Bran failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).  We reject as unsupported by the record Herrera-Bran's contention that the agency erred in its analysis of his CAT claim.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**